**UNITED STATES of America**

v.

**Ralph JACOBSON, Defendant.**

**No. 75 Cr. 349.**

United States District Court,
S. D. New York.

Dec. 17, 1975.

------◆------

Thomas J. Cahill, U. S. Atty., New York City, for plaintiff; Steven K. Frankel, Sp. Atty., U. S. Dept. of Justice, of counsel.

LaRossa, Shargel & Fischetti, New York City, for defendant.

## MEMORANDUM

LASKER, District Judge.

The defendant moves to dismiss his indictment on the ground that the Government is collaterally estopped by the defendant's acquittal in a prior trial from prosecuting the present case.

In 1973, the defendant was indicted in the Eastern District of New York for violations of 18 U.S.C. § 894. The indictment alleged knowing participation in the use of extortionate means to attempt to collect and to collect extensions of credit from different individuals to whom loans had been made by the defendant. The trial of that indictment ended in the defendant's acquittal. In 1975, the defendant was indicted in this District for violating 26 U.S.C. § 7206(1). The two count indictment charges the defendant with subscribing to his 1968 and 1969 tax returns, under penalty of perjury, knowing the tax returns to be materially false.

In his motion, the defendant contends that his acquittal in the 1973 trial establishes that the loan transactions underlying that indictment had never taken place. The defendant argues that, since the present indictment is predicated on the defendant's failure to report income derived from the same loan transactions, the Government may not relitigate the issue of whether the loans actually had been made. According to the defendant, the Government's 1973 case against him rested on the testimony of the victim of the alleged credit extortion, a Mrs. Lissauer. The defense in that trial produced thirteen witnesses to rebut the testimony of Mrs. Lissauer, including her description of loan transactions with the defendant. The verdict of acquittal in the 1973 trial, the defendant argues, therefore represents a final judgment in the defendant's favor on the issue of the loan transactions.

The principles governing the defendant's claim recently were expressed in *United States v. Cala*, 521 F.2d 605, 607–08 (2d Cir. 1975):

"In *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) the Supreme Court held that the Double Jeopardy Clause of the Fifth Amendment embodies the doctrine of collateral estoppel and applies it to criminal prosecutions, precluding prosecution of an offense when an issue of ultimate fact or an element essential to conviction has necessarily been determined in favor of the defendant by a valid and final judgment in prior proceedings between the same parties. . . . The burden, however, is on the defendant in the second case to establish that the issue he seeks to foreclose from litigation in the present prosecution was necessarily decided in his favor by the prior

verdict. . . . In determining what issues were necessarily resolved by the prior proceedings, the court is to take a practical approach, examining the record, pleadings, evidence and jury instructions in order to decide 'whether a rational jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' . . . If the jury could have done so in the prior case, the claim of collateral estoppel must fail, since the defendant can prevail only if the issue which he seeks to preclude from consideration was 'necessarily' resolved in his favor in the prior proceeding." (citations omitted)

Thus, to prevail on this motion, the defendant must establish that his prior acquittal *necessarily* represents a finding that no loan transactions had ever taken place.

 The defendant has failed to meet that burden. In the 1973 trial, proof of two factual elements was essential to the Government's case against the defendant. The jury had to decide whether the loan transactions had taken place and, if they had, whether the defendant had used extortionate means to collect the extensions of credit on the loans. The verdict of acquittal may well have been grounded on the Government's failure to prove that the defendant had used extortionate means to collect from his debtors, even though loan transactions in fact had been proven. While the defendant's interpretation of the 1973 verdict is certainly plausible, nevertheless, it does not follow, as argued by the defendant, that the jury's verdict in the prior trial *necessarily* resolved in his favor the issue of the loan transaction which the present indictment raises. In this case, as in most cases involving collateral estoppel claims, it "cannot be determined with any certainty upon what basis the previous jury reached its general verdict." *United States v. Gugliaro*, 501 F.2d 68, 70 (2d Cir. 1974). *Compare United States v.*

*Bruno*, 333 F.Supp. 570 (E.D.Pa.1971). Certainly, in the 1973 trial, a rational jury could have acquitted the defendant solely on the ground that Government failed to prove the element of extortion, though the existence of the loan transactions had been established.

The defendant also claims that the prosecution misled the grand jury that indicted him in 1975 by not revealing to that grand jury the legal significance of the 1973 acquittal. The argument is hollow. Our resolution of the collateral estoppel claim disposes of this contention as well.

For the reasons stated above, the motion to dismiss the indictment is denied.

It is so ordered.